IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | |
|---|---|
| ROBERT L. ALLERY,           ) | Cause No. CV 07-92-GF-SEH-RKS |
|                             ) | |
| Petitioner,       ) | |
|                             ) | |
| vs.                         ) | FINDINGS AND RECOMMENDATION |
|                             ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY; ATTORNEY      ) | |
| GENERAL OF THE STATE OF     ) | |
| MONTANA,                    ) | |
|                             ) | |
| Respondents.      ) | |

_____

On September 10, 2007, Petitioner Robert Allery filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Pursuant to the Court's Order of September 19, 2007, he filed an Amended Petition on October 10, 2007. The Court has jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254. Petitioner is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id.

## II. Background

Although neither the original Petition nor the Amended Petition are very clear, the Court believes the following facts are accurate.

Petitioner pled guilty to a charge of attempted theft of a motor vehicle in Montana's Eighth Judicial District Court, Cascade County. He was sentenced to serve five years as a persistent felony offender. Judgment was entered on April 28, 2005. See Am. Pet. (doc. 4) at 2, ¶¶ 1-5; Letter to Clerk (doc. 4 att. 1) at 1 ("charge attempted theft of a vehicle"). Petitioner did not take a direct appeal within sixty days after judgment was entered. See Mont. R. App. P. 5(b).

At some point, Petitioner filed a motion in the trial court for an out-of-time appeal. He wanted to appeal because he had recently learned that the district attorney believed that Petitioner had caused only about $300.00 in damages to the "steering column - blinker system." See Letter to Clerk at 1. Neither the trial court nor the Montana Supreme Court permitted him to file an out-of-time appeal. See Am. Pet. at 3, ¶ 13; id. at 4, ¶¶ 15A-B.

Petitioner signed his original federal habeas petition and deposited it in the prison mail system on August 15, 2007. See Pet. (doc. 1) at 5; Houston v. Lack, 487 U.S. 266, 270-71 (1988) (establishing prison mailbox rule).

## III. Petitioner's Allegations

Petitioner contends that the state courts' failure to permit him to file an out-of-time appeal violated his Fourteenth Amendment right to due process. He also asserts that his right to due process was violated "at the suppression phase of the plea agreement." See Am. Pet. at 4, ¶¶ 15A-B.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

Petitioner also claims that his conviction and sentence for felony attempted theft is invalid because the district attorney believed he caused only $300.00 in damages. See id. at 5, ¶ 16.

## IV. Analysis

Petitioner was convicted of attempting to steal a motor vehicle. The value of the vehicle makes his crime a felony. See Mont. Code Ann. § 45-6-301(8)(b) (providing that theft of "property exceeding $1,000.00 in value" is a felony). The amount of damage Petitioner caused in his failed attempt to steal the property is not relevant.

Because Petitioner's conviction and sentence for felony attempted theft is not affected by the district attorney's reference to $300.00 in damages, he has failed to identify any violation of his federal rights that he was not permitted to present to the state courts. Consequently, he cannot prove that his right to due process was violated when he was not permitted to file an out-of-time appeal.

## V. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner . . . "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

Here, the district attorney's reference to $300.00 in damage to the vehicle Petitioner was convicted of attempting to steal does not undermine the validity of the felony conviction. The value of the vehicle, not the amount of any damages caused, is what matters. Consequently, the "new evidence" that Petitioner believes he discovered when the district attorney made the statement is irrelevant. The State is not required to provide a process by which a convicted state prisoner may raise wholly irrelevant issues. Therefore, Petitioner's allegations do not make out any claim of a due process violation. A COA is not warranted because Petitioner has not made any showing, much less a substantial one, that any of his federally protected rights was violated.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

The Petition (doc. 1) and the Amended Petition (doc. 4) should be DENIED on the merits. The Clerk of Court should be directed to enter judgment by separate document in favor of Respondents and against Petitioner. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Petitioner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this <u>15th</u> day of May, 2008.

<u>/s/ Keith Strong</u>
Keith Strong
United States Magistrate Judge